Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907-586-2751
F: 907-463-5891
E: twaldo@earthjustice.org
E: ericj@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES
    DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
T: 360-534-9900
E: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | ) |
| Defendants, | ) |
| and | ) Case No. 1:09-cv-00023-JWS |
| STATE OF ALASKA and ALASKA FOREST ASSOCIATION, | ) |
| Intervenor-Defendants. | ) |

**APPLICATION FOR ATTORNEY'S FEES AND EXPENSES UNDER 28 U.S.C. § 2412, FEDERAL RULE OF CIVIL PROCEDURE 54(d)(2), AND LOCAL RULE 54.3**

Organized Village of Kake, The Boat Company, Southeast Alaska Conservation Council, Natural Resources Defense Council (NRDC), Tongass Conservation Society, Wrangell Resource Council, Center for Biological Diversity, Defenders of Wildlife, and Cascadia Wildlands ("Applicants") apply for an award of attorney's fees of $688,158.30 and expenses of $8,133.88 under Local Rule 54.3 and the Equal Access to Justice Act, 28 U.S.C. § 2412(d) (EAJA). Applicants do not seek any fees or expenses from Intervenor-Defendants.

EAJA provides that in a civil action against the United States a court shall award costs, fees and expenses to eligible prevailing parties unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust. 28 U.S.C. § 2412(a)(1); *id.* § 2412(d)(1)(A).

I. APPLICANTS ARE PREVAILING PARTIES.

A prevailing party is one who achieves a "material alteration of the legal relationship of the parties" that is "judicially sanctioned." *Carbonell v. INS*, 429 F.3d 894, 898 (9th Cir. 2005) (quoting *Buckhannon Bd. & Care Home, Inc. v. W. Va. Dep't of Health & Human Res.*, 532 U.S. 598, 604-05 (2001)). Success "on any significant issue in litigation which achieves some of the benefit the parties sought in bringing suit" is sufficient. *Hensley v. Eckerhart*, 461 U.S. 424, 433 (1983) (quotation marks omitted).

Applicants are prevailing parties because they have obtained significant, judicially sanctioned relief that they sought in bringing suit: this Court's Order vacating the Tongass Exemption reinstating the Roadless Rule on the Tongass. Doc. 68 at 26. The Court's judgment was affirmed by an *en banc* panel of the Ninth Circuit, 795 F.3d 956 (9th Cir. 2015), and the Supreme Court denied certiorari. No. 15-467, 2016 WL 1173126, at *1 (U.S. Mar. 28, 2016).

II.     APPLICANTS ARE ELIGIBLE TO RECEIVE AN EAJA AWARD.

Each of the Applicants is eligible for an award of fees under EAJA. When the complaint was filed, the groups had fewer than 500 full-time employees and were either exempt from taxation under § 501(c)(3) of the Internal Revenue Code or had a net worth less than $7 million. *See* 28 U.S.C. § 2412(d)(2)(B); Ex. 1 (Waldo Decl. at 1 ¶1).

III.    FEDERAL DEFENDANTS CANNOT MEET THEIR BURDEN OF SHOWING THAT AN EXCEPTION TO EAJA APPLIES.

Under EAJA, an award of fees to an eligible prevailing party is mandatory unless "the position of the United States was substantially justified or . . . special circumstances make an award unjust." *Abela v. Gustafson*, 888 F.2d 1258, 1261 (9th Cir. 1989) (quoting 28 U.S.C. § 2412(d)(1)(A)); *id.* at 1266 (describing the award as "mandatory" when no exception applies). It is the government's burden to show that one of these exceptions applies. *Gutierrez v. Barnhart*, 274 F.3d 1255, 1258 (9th Cir. 2001).

"Substantially justified" means "justified in substance or in the main—that is, justified to a degree that could satisfy a reasonable person." *Id.* at 1258 (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). The standard requires that the government's position "have a reasonable basis in both law and fact." *Id.* This must be true of every position the government took, both during litigation and in taking the action that prompted the litigation. *Li v. Keisler*, 505 F.3d 913, 918 (9th Cir. 2007); *see* 28 U.S.C. 2412(d)(2)(D). "When the government acts inconsistently, and subsequently loses a civil suit challenging its behavior, it should be obliged to make an especially strong showing that its legal arguments were substantially justified in order to avoid liability for fees under the EAJA." *Int'l Woodworkers, Local 3-98 v. Donovan*, 792 F.2d 762, 765 (9th Cir. 1985) (emphasis, internal quotation marks, and citation omitted).

*Organized Village of Kake v. USDA*
1:09-cv-00023-JWS

2

Case 1:09-cv-00023-JWS   Document 106   Filed 04/27/16   Page 3 of 8

Federal Defendants cannot meet this burden. The Forest Service's "centerpiece" rationale for the Tongass Exemption was a finding of fact that directly contradicted the finding the Service had relied on in declining to adopt a Tongass exemption to the Roadless Rule two years earlier. *Organized Vill. of Kake*, 795 F.3d at 967-69. The Service's about-face was "entirely unexplained." *Id.* at 968. Other rationales the Service proffered for the Tongass Exemption were "implausible." *Id.* at 969. Yet, the Federal Defendants chose to defend the rule despite the Supreme Court's warning in *FCC v. Fox Television Stations* that when a "new policy rests upon factual findings that contradict those which underlay its prior policy" the agency must provide "a reasoned explanation . . . for disregarding facts and circumstances that underlay or were engendered by the prior policy." 556 U.S. 502, 515-16 (2009).

Applicants are unaware of any special circumstances that would make an award of fees unjust. *See* 28 U.S.C. § 2412(d)(1)(A).

IV.     APPLICANTS' FEE REQUEST IS REASONABLE.

"The most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended on the litigation multiplied by a reasonable hourly rate." *Hensley*, 461 U.S. at 433. As explained below, Applicants seek fees only for hours reasonably expended, at reasonable hourly rates. The hours requested and the hourly rates are explained in detail in the declarations of Thomas Waldo, Nathaniel Lawrence, and Austin Bonner, attached as Exhibits 1-3. A summary appears in Exhibit 4. In short, Applicants seek the following fees:

| | |
|---|---|
| Earthjustice | $454,100.30 |
| NRDC | 148,728.50 |
| Harris, Wiltshire, & Grannis | 85,329.50 |
| TOTAL | $688,158.30 |

A. Applicants' attorneys are entitled to enhanced rates.

EAJA establishes a maximum fee recovery rate of $125 per hour that is adjusted upward for inflation to account for cost of living increases. *See Sorenson v. Mink*, 239 F.3d 1140, 1148 (9th Cir. 2001) (prescribing method for calculating cost of living increases). A court may award a higher rate based on "a special factor, such as the limited availability of qualified attorneys for the proceedings involved." 28 U.S.C. § 2412(d)(2)(A). The special factor provision

> refers to attorneys having some distinctive knowledge or specialized skill needful for the litigation in question—as opposed to an extraordinary level of the general lawyerly knowledge and ability useful in all litigation. Examples of the former would be an identifiable practice specialty such as patent law, or knowledge of foreign law or language.

*Pierce*, 487 U.S. at 572.

Environmental litigation is an identifiable practice specialty meriting enhanced fees. *See Nat. Res. Def. Council, Inc. v. Winter*, 543 F.3d 1152, 1159-60 (9th Cir. 2008). Earthjustice, a nonprofit environmental law firm formerly known as the Sierra Club Legal Defense Fund, has frequently obtained fee enhancements for its attorneys' special expertise in environmental litigation. *See Ctr. for Food Safety v. Vilsack*, No. C–08–00484 JSW (EDL), 2011 WL 6259891 at *1, *10-*17 (N.D. Cal. Oct. 13, 2011), *report and recommendation adopted*, 2011 WL 6259683 (N.D. Cal. Dec. 15, 2011); *Citizens for Better Forestry v. U.S. Dep't of Agric.*, No. 08-01927 CW, 2010 WL 3222183, at *1, *4-*8 (N.D. Cal. Aug. 13, 2010); *Portland Audubon Soc'y. v. Lujan*, 865 F. Supp. 1464, 1476 (D. Or. 1994); *Washington Dep't of Wildlife v. Stubblefield*, 739 F. Supp. 1428, 1433 (W.D. Wash. 1989). The same is true of NRDC, which is also a nonprofit environmental law organization. *See Nat. Res. Def. Council v. Locke*, 771 F. Supp. 2d 1203, 1210-12 (N.D. Cal. 2011); *Portland Audubon Soc'y*, 865 F. Supp. at 1476; *see also Winter,* 543 F.3d at 1161 (finding that all NRDC attorneys involved in the case had the

"requisite practice specialty" in environmental law sufficient to justify enhancement) (internal quotation marks omitted).

Fees above the statutory rate are also appropriate for Austin Bonner, Christopher Wright, and Timothy Simeone, specialists in Supreme Court practice at the law firm of Harris, Wiltshire & Grannis, because they have developed "distinctive knowledge and skills" in Supreme Court practice that were needed in the litigation and could not be obtained elsewhere at the statutory rate. *See Pirus v. Bowen*, 869 F.2d 536, 541-42 (9th Cir. 1989).

This case required distinctive knowledge and specialized skills in the area of federal environmental litigation involving the Tongass and Roadless Rule that the Earthjustice and NRDC attorneys who represented the Applicants possess. The necessary skills and knowledge would not have been available elsewhere at the statutory rate. Therefore, Applicants seek reasonable enhanced rates for these attorneys based on the prevailing market rate for attorneys of equivalent specialization, skill, and experience.

B.  The hours for which Applicants seek reimbursement are reasonable.

"By and large, the court should defer to the winning lawyer's professional judgment as to how much time he was required to spend on the case; after all, he won, and might not have, had he been more of a slacker." *Moreno v. City of Sacramento*, 534 F.3d 1106, 1112 (9th Cir. 2008). Applicants seek fees for the time summarized in Exhibits 1-4. Applicants' counsel have made "a good faith effort to exclude from [its] fee request hours that are excessive, redundant, or otherwise unnecessary." *Hensley*, 461 U.S. at 434.

C.  Applicants' expenses are reasonable.

Applicants are also entitled to recover their costs and other expenses under EAJA. 28 U.S.C. § 2412(a)(1), (d)(1)(A). Recoverable expenses include those "ordinarily billed to a

client," such as phone calls, postage, and attorney travel expenses. *Int'l Woodworkers, Local 3-98*, 792 F.2d at 767.

Applicants seek $8,133.88 in costs and expenses incurred in this litigation, described in Attachment 2 to the Waldo Declaration. These reasonably expended costs include filing fees, travel, postage and delivery, reproduction and printing, and phone calls.

CONCLUSION

For the foregoing reasons, Applicants respectfully request that the Court order Federal Defendants to pay $688,158.30 in attorney's fees and $8,133.88 in other expenses.

Respectfully submitted this 27th day of April, 2016.

*s/ Thomas S. Waldo*
Thomas S. Waldo (ABA# 9007047)
Eric P. Jorgensen (ABA # 8904010)
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907-586-2751
F: 907-463-5891
E: twaldo@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES
DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
T: 360-534-9900
E: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

*Organized Village of Kake v. USDA*
1:09-cv-00023-JWS
6
Case 1:09-cv-00023-JWS   Document 106   Filed 04/27/16   Page 7 of 8

**CERTIFICATE OF SERVICE**

I, Thomas S. Waldo, certify that on April 27, 2016, a true and correct copy of the foregoing APPLICATION FOR ATTORNEY'S FEES AND EXPENSES UNDER 28 U.S.C. § 2412, FEDERAL RULE OF CIVIL PROCEDURE 54(d)(2), AND LOCAL RULE 54.3, with attachments, was served electronically on Barclay T. Samford, Thomas E. Lenhart, and Julie A. Weis.

*s/ Thomas S. Waldo*
Thomas S. Waldo

*Organized Village of Kake v. USDA*
1:09-cv-00023-JWS
7
Case 1:09-cv-00023-JWS   Document 106   Filed 04/27/16   Page 8 of 8