Thomas S. Waldo
Eric P. Jorgensen
EARTHJUSTICE
325 Fourth Street
Juneau, AK 99801
T: 907-586-2751
F: 907-463-5891
E: twaldo@earthjustice.org
E: ericj@earthjustice.org

Nathaniel S.W. Lawrence
NATURAL RESOURCES
    DEFENSE COUNCIL
3723 Holiday Drive, SE
Olympia, WA 98501
T: 360-534-9900
E: nlawrence@nrdc.org

*Attorneys for Plaintiffs*

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, *et al.*, | )<br>) |
| Plaintiffs, | )<br>) |
| v. | )<br>) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | )<br>)<br>) |
| Defendants, | )<br>) |
| and | )    Case No. 1:09-cv-00023-JWS |
| STATE OF ALASKA and ALASKA FOREST ASSOCIATION, | )<br>)<br>) |
| Intervenor-Defendants. | )<br>) |

**DECLARATION OF COUNSEL IN SUPPORT OF
APPLICATION FOR ATTORNEY'S FEES AND EXPENSES**

I, Thomas S. Waldo, hereby declare as follows:

1. I am an attorney in the Alaska office of Earthjustice. I, together with my colleague Eric P. Jorgensen and co-counsel Nathaniel S.W. Lawrence of the Natural Resources Defense Council (NRDC), represent Plaintiffs in this case. I submit this declaration in support of the application of Organized Village of Kake, The Boat Company, Southeast Alaska Conservation Council, NRDC, Tongass Conservation Society, Wrangell Resource Council, Center for Biological Diversity, Defenders of Wildlife, and Cascadia Wildlands ("Applicants") for an award of attorney's fees and expenses under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). All of these groups are eligible for a fee award under EAJA.

2. This declaration addresses: (a) the time spent in prosecuting the case by counsel for the applicants; (b) the professional qualifications and experience of the attorneys; (c) the hourly rates and appropriateness of enhanced rates; and (d) the reasonable fees and expenses sought for these services under EAJA.

3. Earthjustice is a non-profit law firm that practices public interest environmental law exclusively. Earthjustice specializes in environmental litigation that sets important precedents regionally and nationally and that would not otherwise be brought by the private bar due to complexity, expertise, duration, or financial constraints.

4. Among the Earthjustice attorneys, I had primary responsibility for all phases of the case. However, a total of eight other attorneys at this office worked on various tasks in this case. Eric Jorgensen is a senior attorney who participated in strategic discussions. More junior attorneys generally performed focused research tasks and cite-checking.

5. We also used the services of five summer law clerks. They conducted legal research and cite-checked briefs.

6. In addition to the attorneys and clerks, we also used the services of two paralegals, but we are not seeking recovery for their time.

7. Each attorney and summer law clerk kept detailed, contemporaneous time records from the inception of the case. We use a computerized timekeeping system that can be used in two ways. First, time can be entered automatically by using the application's stop clock, which records time to the nearest second. Second, time can be entered manually after a task is completed. When time is entered manually, we usually round our time to the nearest tenth of an hour. We use both methods, depending on the circumstances.

8. I have reviewed the time records for everyone from this office who worked on the case. Using independent judgment, I have deleted hours that were excessive, inadequately explained, or otherwise inappropriate for billing. This included time spent on the following, among other things: media; communications with prospective clients who did not join the case; communication exclusively with clients not party to the present motion; travel time not spent working; internal Earthjustice procedures; motions to intervene; administrative, congressional, and third-party advocacy; and research that was not ultimately productive. In total, I deleted nearly one-third of the hours recorded by Earthjustice attorneys, clerks, and paralegals for work related to this case.

9. The time for which recovery is sought was devoted to tasks necessary to secure a favorable judgment, including time spent obtaining that judgment in this Court and then defending it in the Ninth Circuit Court of Appeals and the Supreme Court. In the Ninth Circuit, we spent attorney time briefing and arguing before a three-judge panel, researching and writing a petition for rehearing, and arguing the case before an 11-judge en banc panel. We then had to oppose a petition for certiorari.

*Organized Village of Kake v. USDA*
1:09-cv-00023-JWS

2

**Exhibit 1, page 3 of 5**

Case 1:09-cv-00023-JWS   Document 106-1   Filed 04/27/16   Page 3 of 5

10. Mr. Lawrence explains his time in a declaration filed separately with this motion.

11. When the petition for certiorari was filed, we retained the services of attorneys with a specialized practice in the Supreme Court. A declaration for their time is filed separately with this motion.

12. The billable hours claimed are specified in detail for all Earthjustice timekeepers in Attachment 1. In my professional opinion, the hours specified were necessary to litigate this case.

13. Earthjustice represents its clients pro bono. We ask our clients only to pay out-of-pocket litigation costs, such as filing fees, photocopying, delivery, and travel. Because we do not bill our clients for our time, our attorneys do not have established hourly billing rates.

14. Reasonable hourly rates can be established by reference to the actual rates charged by attorneys of similar experience and expertise in private practice. Based on communications with attorneys in private practice in Alaska, I believe the rates described below are reasonable for the attorneys who worked on this case at Earthjustice. Litigation of this case took place over more than six years, from 2009 to 2016. Therefore, hours in more recent years are billed at a higher rate than those in the earlier years.

15. I believe that my time qualifies for an enhanced rate as an experienced environmental specialist. I received my J.D. from Stanford Law School in 1987. I spent one year as law clerk to Chief Justice Jay A. Rabinowitz of the Alaska Supreme Court, approximately one year with the Minnesota Attorney General's office working on energy conservation and public utility issues, and more than 26 years with Earthjustice in Alaska practicing exclusively in environmental and natural resource law.

16. In recent litigation in the Alaska state courts, a Juneau Superior Court judge awarded fees at a rate of $325/hour for work performed by me in 2010 and 2011, finding that was a reasonable rate in local markets. I believe this to be correct. Based on discussions with counsel in private practice in this field, I believe a reasonable rate for my services today would be $375/hour. We are seeking the same rate for Mr. Jorgensen's time, though he has more years of experience.

17. As a general rule, it is not possible for groups like Plaintiffs to find attorneys in Alaska outside of Earthjustice, NRDC, and similar organizations to bring cases of this type. They cannot afford to pay attorney's fees, particularly those of specialists qualified to bring this type of case.

18. For Earthjustice attorneys other than Mr. Jorgensen and me, we are seeking the hourly rate provided in EAJA, as adjusted for inflation.

19. I have also reviewed our expenses in this case, which are set forth in Attachment 2. I have verified that the items are correct, the services have been actually and necessarily performed, and the disbursements have been necessarily incurred in this action. The total expenses are $8,133.88.

I declare under penalty of perjury that the foregoing is true and correct.

Executed this 27th day of April, 2016.

*s/ Thomas S. Waldo*
Thomas S. Waldo