IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| ORGANIZED VILLAGE OF KAKE, *et al.*, | ) |
| Plaintiffs, | ) |
| v. | ) |
| UNITED STATES DEPARTMENT OF AGRICULTURE, *et al.*, | ) |
| Defendants, | ) |
| and | ) Case No. 1:09-cv-00023-JWS |
| STATE OF ALASKA and ALASKA FOREST ASSOCIATION, | ) |
| Intervenor-Defendants. | ) |

**DECLARATION OF NATHANIEL S.W. LAWRENCE
IN SUPPORT OF APPLICATION FOR ATTORNEYS' FEES AND COSTS**

I, Nathaniel S.W. Lawrence declare as follows:

1. This declaration is submitted in support of plaintiffs' petition for attorneys' fees and expenses under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d), in the matter of *Organized Village of Kake v. USDA and State of Alaska*, Civil No. 1:09-cv-00023-JWS.

2. I am a senior attorney and Alaska Director for the Natural Resources Defense Council (NRDC). I maintain offices in Olympia, Washington and San Francisco, California. At the time this case was filed, I was NRDC's Forestry Director. I have been on NRDC's staff since May, 1989. Prior to that I was an Assistant Attorney General in the Environmental Protection Division of the Office of the Attorney General for the Commonwealth of Massachusetts.

3. As part of my organizational responsibilities, starting when I came to NRDC, I represent NRDC and, on a pro bono basis, other groups in litigation over environmental issues, most frequently over management of national forests, but on a variety of other environmental issues as well. I have represented NRDC and the other plaintiffs in this matter from its inception through the present time, together with co-counsel from Earthjustice, and more recently Harris, Wiltshire & Grannis.

4. Attached to this declaration are time records for my work in this matter. I keep detailed, contemporaneous time records for my work on litigation, when it is potentially compensable under EAJA or another fee-shifting statute, and did so for most of the time records submitted herewith. The time records for the latter phases of appeal in this case were, however, conservatively reconstructed from my files, including document

drafts, calendars, emails and notes, as well as my co-counsels' records. The attached records from all phases of this litigation reflect reductions taken in the exercise of my judgment to eliminate time for work that might have been redundant, excessive, or not necessary for the prudent conduct of the litigation, including client discussions that did not lead to litigation decisions, media matters, intervention and amicus requests that did not seem likely to bear on outcome, administrative contacts not intended to enhance chances of litigation success, time spent attempting to prevent the filing of a petition for certiorari, and third party contacts about the litigation.

5. In my judgment, all time for which recovery is sought was reasonably spent on securing and successfully defending the favorable outcome the plaintiffs obtained in this Court, including litigation before both a three-judge and an en banc panel in the Ninth Circuit Court of Appeals and then proceedings in the Supreme Court opposing a petition for certiorari.

6. I believe that I have the requisite practice specialty to qualify for enhanced rate recovery under EAJA. Since graduation in 1986 from Harvard Law School, where I was co-president of the Environmental Law Society, I have been continuously employed as an environmental advocate. I have published law review articles on environmental law, and taught numerous continuing legal education courses on environmental law topics, including several courses on environmental review for the American Law Institute and American Bar Association, as well as courses specifically on litigating federal agency decisions. I represent NRDC and other groups pro bono, and have done so in several federal district courts, multiple courts of appeals, and the United States Supreme Court, as

well as in administrative proceedings before federal agencies dealing with environmental matters. The litigation almost always involves challenging or defending federal agency decisions, like the decision of the United States Department of Agriculture at issue in this case.

7. My co-counsel Thomas Waldo describes in his declaration filed today in this matter how he determined what a reasonable rate is and was over the course of this litigation for his work, for a lawyer based in Alaska. Although my tenure as an environmental litigator is slightly longer than Mr. Waldo's, and attorney billing rates are higher in Washington State and San Francisco, I am seeking reimbursement at the same rate as he, with the same adjustment over time.

I declare under penalty of perjury that the foregoing is true and correct, to the best of my knowledge.

_____  Dated: April 27, 2016
Nathaniel S.W. Lawrence